UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH NATALE, DAVID PEREZ, DEMOS DEMOPOULOS, JEFFREY ISAACS, KIRK CONAWAY, and ROY KOHN as TRUSTEES OF HEALTH FUND 917, and HEALTH FUND 917,<br><br>                    *Plaintiffs*,<br><br>-against-<br><br>ALLIED AVIATION SERVICES INC., ROBERT L ROSE, ALICE R NICHOLAS, and, DANIEL LABORDE,<br><br>                    *Defendants*. | Civ. Action No. 1:23-CV-7260<br><br>**COMPLAINT** |

Plaintiffs, Ralph Natale, David Perez, Demos Demopoulos, Jeffrey Isaacs, Kirk Conaway, and Roy Kohn, as Trustees of Health Fund 917 (the "Health Fund Trustees" or the "Trustees"), and Health Fund 917 (the "Health Fund" or the "Fund"), by their attorneys, Tarter Krinsky & Drogin LLP, allege as follows:

## NATURE OF THE ACTION

1. This action is brought by Plaintiffs pursuant to Sections 404, 406, 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §§ 1104, 1106, 1132 and 1145, to enforce the provisions of the Agreement and Declaration of Trust (the "Trust Agreement") establishing the Health Fund and to enforce Defendant Allied Aviation's obligations to make contributions to the Fund under the terms of its Collective Bargaining Agreement with Coal, Gasoline & Fuel Oil Teamsters, Chauffeurs, Oil Burner

Installation, Maintenance, Servicemen and Helpers of New York City and Vicinity, Nassau and Suffolk Counties, New York, Local Union No. 553 (the "Union") and/or Defendants obligations to make contributions to the Fund under the Trust Agreement establishing the Fund and the Fund's Delinquent Contribution and Payroll Examination Policy and Procedure (the "Delinquency Procedure").

2. This action is also brought against Defendants Robert L. Rose ("Rose"), Alice R. Nicholas ("Nicholas") and Daniel LaBorde ("LaBorde") pursuant to Sections 404 and 406 of ERISA, 29 U.S.C. §§1104 and 1106, for breach of their duties as a fiduciary of the Plaintiff Fund.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to Sections 404, 406, 502 and 515 of ERISA, 29 U.S.C. §§1104, 1106, 1132 and 1145.

4. Venue is proper in this District pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), which provides that an action may be brought, *inter alia*, in the district where a defendant resides or may be found. Defendant Allied Aviation maintains its corporate headquarters at 520 8th Avenue, Suite NW 302, New York, NY and therefore resides and may be found in this District.

## PARTIES

5. The Health Fund Trustees are fiduciaries of the Health Fund, as defined under ERISA Section 3(21)(A), 29 U.S.C. §1003(21)(A). The Health Fund is an "employee welfare benefit plan" and a "multiemployer plan" within the meaning of ERISA Section 3(1) and (37), 29 U.S.C. §1002(1) and (37), which is maintained for the purpose of providing health and welfare benefits to eligible participants and beneficiaries and is a trust fund established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C.

§186(c)(5) (hereinafter "LMRA"). Plaintiffs bring this action on behalf of the participants and beneficiaries of the Fund.

6. The Fund is administered and maintains its principal place of business at 22 North Tyson Avenue, Floral Park, New York 11001.

7. Upon information and belief Defendant Allied Aviation Services, Inc. (hereinafter "Allied Aviation") is a corporation organized under the laws of the State of New York with its corporate offices located at 520 8th Avenue, Suite NW 302, New York, New York 10018, and an employer engaged in an industry affecting commerce within the meaning of Section 3(5), (11) and (12) of ERISA, 29 U.S.C. §1102(5), (11) and (12).

8. Upon information and belief, Rose is the President of Allied Aviation and resides at 4120 Higel Avenue, Sarasota, Florida, Nicholas is the Treasurer of Allied Aviation and resides at 4120 Higel Avenue, Sarasota, Florida 34242, and LaBorde is the Director of HR, Payroll and Benefits for Allied Aviation, located at its 1219 S. East Ave., Ste 301, Sarasota, Florida 34239 office, and resides in Sarasota, Florida.

## BACKGROUND

9. At all times relevant hereto Allied Aviation was party to a Collective Bargaining Agreement ("CBA") with the Union.

10. Pursuant to the CBA, Allied Aviation was required to make contributions to the Health Fund for each of its employees covered by the CBA.

11. Pursuant to the Trust Agreement "[t]itle to all monies accrued, owing, due or paid into the Fund . . . shall constitute plan assets as of the date that their payment is due to the Fund; outstanding and withheld contributions, and any other monies due to the Fund, shall constitute plan assets as of the date that their payment is due to the Fund."

12. In July 2022, the Fund conducted an audit of Allied Aviation covering the period of July 1, 2017 through December 31, 2019 (the "Audit Period"). Pursuant to the CBA and by virtue of its participation in the Fund, Allied Aviation is also bound to the Trust Agreement establishing the Fund and the Fund's Delinquency Procedure.

13. The Payroll Audit revealed that Allied Aviation underpaid the Fund by $97,563.60 (the "Findings").

14. By letter dated July 15, 2022, the Fund informed Allied Aviation about the underpayment and provided it with a copy of the auditor's report. The Fund demanded payment of the Findings plus interest through December 31, 2019, totaling $131,280.29, within 30 days.

15. Allied Aviation received a copy of the Findings and the Fund's letter demanding payment.

16. On July 20, 2022, LaBorde, the Director of HR, Payroll & Benefits, responded to the letter dated July 15, 2022 by letter to Health Fund 917's auditor, Calibre CPA Group, stating Allied Aviation's disagreement with the results of the Payroll Audit for the Audit Period. LaBorde stated that "The CBA does not require an employee to have coverage with Health Fund 917 or any other plan…" and "…nor does Allied Aviation require an employee to provide proof of other coverage."

17. On August 10, 2022, Ana Tang ("Tang"), the Fund Manager, responded to LaBorde's letter noting the language of the Memorandum of Understanding between Allied Aviation and the Union which reads, "All full-time employees shall no longer be covered by the Allied Aviation Medical Plan and shall be covered by the Health Fund 917 Medical Plan effective July 1, 2017." Tang also cited the requirement in the CBA that employees "[m]ust provide proof of other coverage to opt out."

18. Tang gave Defendants until September 14, 2022 to make payment or provide the Fund proof of other coverage for the employees included in the Findings.

19. On August 17, 2022, Allied Aviation responded to the August 4 letter again disagreeing with the results of the Payroll Audit and requesting the assessment be removed.

20. Allied Aviation stated that "[t]he CBA only states that employees will be covered by the Health Plan 917 Medical Plan effective July 1 2017. All CBA's stipulate what Health plan the employee is covered by along with the rates."

21. The July 1, 2017 Memorandum of Agreement between the Union and Allied New York Services Inc. modified the 2014-2017 CBA, Section 16.2, to provide that "All full-time employees shall no longer be covered by the Allied Aviation Medical Plan and **shall be covered by the Health Fund 917** Medical Plan effective July 1, 2017. Allied will contribute the following monthly amounts for each of its employees participating in the Health Fund 917 Plan, effective July 1, 2017…." (emphasis added).

22. The Memorandum of Agreement did not change the requirement in Section 16.2 E) of the CBA that an employee who opts out will receive a weekly payment and "Must provide proof of other coverage to opt out."

23. On October 19, 2022, Fund counsel sent a letter to LaBorde stating that if payment was not received by November 18, 2022 litigation to recover the delinquency would be commenced.

24. On November 10, 2022, Tang sent an email to LaBorde asking for the status of payment. On November 14, 2022, LaBorde responded stating their attorney is reviewing the situation and will respond soon. A response was not provided, and payment was not received.

25. On December 2, 2022, Tang again sent an email to LaBorde stating that payment

had not been received and she had no choice but to commence litigation against Allied Aviation. On December 6, 2022 LaBorde responded requesting a copy of the CBA cited by the Fund. Tang forwarded the CBA and requested a response by December 16, 2022.

26. Allied Aviation did not respond by December 16, 2022.

27. On December 20, 2022, Tang sent an email to LaBorde stating again that the Fund would have no choice but to commence litigation which would result in the assessment of liquidated damages, interest, cost of the payroll examination and any court costs and fees incurred in collecting the delinquency. On the same day LaBorde responded stating simply that their attorneys are working on it.

28. Defendants have provided no proof that any employee included in the Audit waived coverage and benefits under the Health Fund or any proof that the employees had other health insurance.

29. Defendants have not submitted payment of the unpaid contributions set forth in the Findings.

30. Defendants have not submitted payment of interest due on the delinquent contributions or the cost of the audit.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Against Defendant Allied Aviation)**

31. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

33.     Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this title or the terms of the plan."

34.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), requires that "[i]n any action under this subchapter by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan-

(A) the unpaid contributions;
(B) interest on the unpaid contributions;
(C) an amount equal to the greater of-
    (i) interest on the unpaid contributions, or
    (ii) liquidated damages ... in an amount not in excess of 20 percent of the [unpaid contributions],
(D) reasonable attorney's fees and costs of the action, to be paid by defendant, and
(E) such other legal or equitable relief as the court deems appropriate."

35.     On July 15, 2022, Plaintiffs sent Defendant Allied Aviation a copy of the Audit Findings following a payroll audit by the Fund's auditors together with a demand for payment of the contributions due and interest.

36.     To date Defendant Allied Aviation has failed to remit payment of the contributions due and interest.

37.     Accordingly, Defendant Allied Aviation is liable to the Health Fund under the terms of the Fund's governing documents, the CBA and Memorandum of Agreement, and Sections 505 and 515 of ERISA for the amounts due to the Fund, including interest until the date of payment, liquidated damages, audit fees, attorney's fees, and costs.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Against Defendants Rose, Nicholas and LaBorde)

38. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 37 as though fully set forth herein.

39. Upon information and belief, during the relevant period Rose, Nicholas and LaBorde were persons with discretion and/or authority to pay contributions to the Fund on behalf of Allied Aviation.

40. Contributions and other monies due and payable to the Fund by Allied Aviation are "plan assets" within the meaning of Section 3(21)(a) of ERISA, 29 U.S.C. §1002(21)(a), when they become due.

41. Upon information and belief, Rose, Nicholas and LaBorde exercised authority and/or control over payment of contributions and monies due to the Fund from Allied Aviation and therefore were fiduciaries as defined in Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

42. Under Section 404(a)(1)(A) of ERISA, 29 U.S.C. §1104(a)(1)(A), an ERISA fiduciary must act solely in the interest of plan participants and beneficiaries.

43. Upon information and belief, Rose, Nicholas and LaBorde caused Allied Aviation not to pay contributions and other monies to the Fund that had become plan assets of the Fund when they became due from Allied Aviation, thus breaching their fiduciary duties under Section 404 of ERISA to act solely in the interest of the Fund's participants and beneficiaries.

44. Pursuant to Section 409 of ERISA; 29 U.S.C. §1109, a fiduciary who breaches any of the responsibilities, obligations or duties imposed on a fiduciary under ERISA is personally liable to the plan for any losses resulting from such breach.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Against Defendants Rose, Nicholas and LaBorde)**

45. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 44 as though fully set forth herein.

46. Pursuant to Section 406(a)(1)(D) of ERISA, 29 U.S.C. §1106(a)(1)(D), a plan fiduciary may not transfer any plan assets to a party-in-interest.

47. Allied Aviation is a party in interest with respect to the Fund as defined by Section 3(14)(C) of ERISA, 29 U.S.C. §1002(14)(C), because Allied Aviation is an employer whose employees are covered by the Fund.

48. Upon information and belief, Rose, Nicholas and LaBorde transferred monies due to the Fund to Allied Aviation instead of paying them to the Fund, thus breaching their fiduciary duties to the Fund under Section 406(a)(l)(D) of ERISA, 29 U.S.C. §1106(a)(1)(D).

49. Pursuant to Section 409 of ERISA, 29 U.S.C. §1109, a fiduciary who breaches any of the responsibilities, obligations or duties imposed on a fiduciary under ERISA is personally liable to a plan for any losses resulting from such breach.

## AS AND FOR A FOURTH CAUSE OF ACTION
**(Against Defendants Rose, Nicholas and LaBorde)**

50. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51. Pursuant to Section 406(b) of ERISA, 29 U.S.C. §1106(b), a plan fiduciary may not use plan assets in their own interest or for their own account and may not act in any transaction involving the Fund on behalf of a party whose interests are adverse to the interests of the Fund.

52. Upon information and belief, Rose, Nicholas and LaBorde acted in their own interest, for their own account or on behalf of Allied Aviation, whose interests are adverse to the

interests of the Fund, by retaining "plan assets" or allowing "plan assets" of the Fund to be used to pay Allied Aviation's debts or obligations to other parties.

53.     Rose, Nicholas and LaBorde breached their fiduciary duties to the Fund under Section 406(b) of ERISA, 28 U.S.C. §1106(b), insofar as they retained assets of the Fund or allowed them to be used on their own behalf or on behalf of Allied Aviation, both of whose interests were adverse to the interests of the Fund.

54.     Pursuant to Section 409 of ERISA; 29 U.S.C. §1109, a fiduciary who breaches any of the responsibilities, obligations or duties imposed on a fiduciary under ERISA is personally liable to a plan for any losses resulting from such breach.

55.     Plaintiffs have been required to employ the undersigned attorneys to collect monies that may be found due and owing from Defendants and are obligated to pay their attorneys a reasonable attorneys' fee.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs request that judgment be entered in favor of Plaintiff Health Fund and against Defendants, jointly and severally, as follows:

i.   For unpaid contributions to the Health Fund in the amount of $97,563.60 for the period from July 1, 2017 through December 31, 2019, pursuant to 29 U.S.C. §1132(g)(2)(A);

ii.  For interest on the unpaid contributions for the period July 1, 2017 through July 31, 2023 in the amount of $45,099.11, calculated from the due date of the contributions through July 31, 2023 at a rate of ten percent (10%) per annum, pursuant to 29 U.S.C. §1132 (g)(2)(B) and the Fund's governing documents;

iii. For liquidated damages in an amount equal to the greater of (a) the total amount of interest awarded to Plaintiffs or (b) twenty percent (20%) of the total amount of unpaid contributions, pursuant to 29 U.S.C. §1132(g)(2)(C);

iv.  For the audit costs incurred by the Fund in the amount of $11,715.00;

v.   For the costs of filing this action pursuant to 29 U.S.C. §1132(g)(2)(D);

    vi.    For reasonable attorneys' fees incurred by Plaintiffs pursuant to 29 U.S.C. §1132 (g)(2)(D);

    vii.    For post and pre-judgment interest at a rate of ten percent (10%) per annum, until Plaintiffs satisfy the judgement in full; and

    viii.    For such other and further relief as this Court deems appropriate.

Dated:  New York, New York
         August 16, 2023

                              **TARTER KRINSKY & DROGIN LLP**

                              By: /s/ Joan Ebert Rothermel
                                  Joan Ebert Rothermel
                          Jane B. Jacobs
                          Brian M. Gordon
                          1350 Broadway
                          New York, New York 10018
                          Phone: (212) 216-8000
                          Email: jrothermel@tarterkrinsky.com
                          Email: jjacobs@tarterkrinsky.com
                          Email: bgordon@tarterkrinsky.com

                          *Attorneys for Plaintiffs*