UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| RALPH NATALE, DAVID PEREZ, DEMOS DEMOPOULOS, JEFFREY ISAACS, KIRK CONAWAY and ROY KOHN, AS TRUSTEES OF HEALTH FUND 917, and HEALTH FUND 917, | : : : : : | Case No. 23-CV-07260 (JPO) STIPULATION AND PROTECTIVE ORDER |
| Plaintiffs, | : : | |
| v. | : : | |
| ALLIED AVIATION SERVICES, INC., and ALLIED NEW YORK SERVICES, INC. | : : : | |
| Defendants. | : | |

-------------------------------------------------------------x

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**IT IS HEREBY ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential, if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, Fund participant personal information, or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" ("Confidential Information").

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or

admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

(a) The requesting party and counsel;

(b) Employees of such counsel assigned to and necessary to assist in the litigation;

(c) Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

(d) The Court (including a mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

(a) Inform the person of the confidential nature of the information or documents;

(b) Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

(c) Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers and cards, visa authorizations, birth certificates, medical records, marriage certificates, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify

the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Should any document marked "confidential" be filed with the Court, either the parties shall agree on appropriate redactions or it will be filed under seal. The parties shall follow the Court's procedures with respect to filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

[SPACE LEFT INTENTIONALLY BLANK]

Dated:   New York, New York
          December 23, 2024

| | |
|---|---|
| **TARTER KRINSKY & DROGIN LLP** | **FORCHELLI DEEGAN TERRANA LLP** |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| By: __/s/ Jane B. Jacobs_____ | By: _*Frank W. Brennan*_____ |
|      Jane B. Jacobs |      Frank W. Brennan |
| 1350 Broadway, 11th Floor | 333 Earle Ovington Blvd, Suite 1010 |
| New York, New York 10018 | Uniondale, New York 11553 |
| Tel.: (212) 574-0330 | Tel.: (516) 248-1700 |
| JJacobs@tarterkrinsky.com | fbrennan@forchellilaw.com |

SO ORDERED:

Dated:  December 27, 2024
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RALPH NATALE, DAVID PEREZ, DEMOS : Case No. 23-CV-07260 (JPO)
DEMOPOULOS, JEFFREY ISAACS, KIRK :
CONAWAY and ROY KOHN, AS TRUSTEES :
OF HEALTH FUND 917, and HEALTH FUND : CONFIDENTIALITY
917, : AGREEMENT
                  Plaintiffs, :
:
    v. :
:
ALLIED AVIATION SERVICES, INC., and :
ALLIED NEW YORK SERVICES, INC. :
:
                  Defendants. :
-----------------------------------------------------------------x

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled above have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

                                  ACKNOWLEDGED AND AGREED:

                                  _____
                                  Name:                          Date